**UNITED STATES of America**

v.

**James FLACK, Appellant.**

**No. 11–1316.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit L.A.R. 34.1(a), March 26, 2012.

Opinion Filed: April 19, 2012.

Michelle Morgan, Esq., Robert A. Zauzmer, Esq., Office of United States Attorney, Philadelphia, PA, for United States of America.

John J. Martucci, Jr., Esq., Philadelphia, PA, for Appellant.

BEFORE: FUENTES, SMITH, and JORDAN, Circuit Judges.

OPINION OF THE COURT

FUENTES, Circuit Judge.

James Flack was convicted by a jury of possessing with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(i), and aiding and abetting in violation of 18 U.S.C. § 2. The District Court sentenced Flack to 180

months' imprisonment. Flack appeals his conviction and sentence, contending that the District Court made a host of evidentiary and procedural errors. We will affirm.

## I.

Because we write solely for the parties, we recount only those facts necessary to our decision.

Based on information shared between Drug Enforcement Agency ("DEA") offices in Arizona and Pennsylvania, DEA agents in Philadelphia were aware that a truck containing narcotics was going to arrive in Philadelphia.[1] Mark Smith, John Jackson, and Kyle Johnson were determined to be in the truck. After the truck arrived in Philadelphia, the DEA kept it under surveillance. Smith, Jackson, and Johnson tried to sell the heroin but were largely unsuccessful. At Flack's trial, Smith testified that after a few unsuccessful days, he contacted Flack, whom he knew from prior drug dealings, and asked him to come to Philadelphia to help him sell the heroin. That day, Flack purchased a one-way ticket from Phoenix to Philadelphia. Flack took one of the six bricks and attempted to sell it.

While preparing to return the heroin to their supplier, Smith, Jackson, and Johnson were pulled over by the state police and Smith consented to a search of his car. The police discovered a box that contained five wrapped-up bricks of heroin[2] and arrested them. Smith immediately began cooperating with authorities and told the police officers that they were in Philadelphia trying to sell heroin. The police report prepared after this conversation only referenced five kilograms and did not mention Flack's involvement.

Based on this information, by indictment dated March 3, 2010, the government charged Smith, Jackson, and Johnson with conspiracy to possess with intent to distribute one kilogram or more of heroin and possession of one kilogram or more of heroin.

Smith and Jackson cooperated with federal authorities and eventually pled guilty. Jackson testified at Flack's trial that at a March 23, 2010 proffer session, he told the government about the kilogram of heroin he gave to Flack. Smith testified that around April 2010, he mentioned the extra kilogram and Flack's involvement. After learning about the extra kilogram, the government did not supersede the indictment against either Smith or Jackson to reflect the presence of the additional kilogram, but it did note it in its plea memoranda to the District Court. The government obtained an indictment against Flack charging him with possession with intent to distribute one kilogram of heroin and aiding and abetting.

Flack went to trial on the indictment. The first jury was unable to reach a verdict. Flack went to trial again and was found guilty on both counts. At trial, Smith and Jackson both testified about Flack's involvement in the heroin sale. The government introduced records that showed Flack purchased a last minute, one-way ticket from Phoenix to Philadelphia on August 26, 2009, records that showed numerous phone calls between Smith and Flack, and statements by Jackson on wiretaps indicating he had given a kilogram of heroin to another person to sell. At the close of the government's

---

1. Initially, the agents believed the truck was carrying cocaine. It was later determined that the truck contained six one-kilogram bricks of heroin.

2. There was approximately 4.95 kilograms of heroin in the bricks.

case-in-chief, Flack filed a motion for acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure; after the jury rendered its verdict, Flack filed a motion for a new trial pursuant to Rule 33. The District Court denied both of these motions. Flack was sentenced to 180 months' imprisonment. This appeal followed.[3]

## II.

Flack contends that the District Court erred when it admitted evidence of Flack's prior conviction for possession with intent to distribute cocaine and evidence of Flack's prior marijuana-related drug deals with Smith.[4] He also contends the evidence was insufficient to support his conviction. We disagree and affirm for substantially the reasons stated by the District Court in its March 23, 2011 Decision and Order.

■ As to the introduction of improper evidence, while there is an impermissible propensity-based theory, the evidence is also separately relevant to show why Smith would contact Flack to aid in selling the heroin and Flack's knowledge that the wrapped-up brick was an illicit substance. The District Court also gave a limiting instruction. The introduction of this evidence was not plain error or an abuse of

discretion. *See United States v. Green,* 617 F.3d 233, 250 (3d Cir.2010).

■ As to the sufficiency of the evidence, while there are inconsistencies in Smith's and Jackson's testimony and reasons to doubt their veracity, those are credibility determinations squarely within the jury's domain. *United States v. Ozcelik,* 527 F.3d 88, 94 (3d Cir.2008). Also, on key points, their testimony was consistent. Their testimony was supported by independent evidence, such as records of phone calls between Flack and Smith, Flack's last minute, one-way airline ticket from Phoenix to Philadelphia, and recorded phone conversations referencing the extra brick. Taken together, there was sufficient evidence for a reasonable juror to find beyond a reasonable doubt that the government had proven all the elements of the offenses. *Id.*

## III.

We have considered Flack's remaining arguments and find them to be without merit. For the foregoing reasons, we will affirm.

---

3. The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 18 U.S.C. § 1291. We review a district court's evidentiary rulings for an abuse of discretion. *Ansell v. Green Acres Contracting Co.,* 347 F.3d 515, 519 (3d Cir.2003). When a party fails to object, we review such rulings for plain error. *United States v. Butch,* 256 F.3d 171, 180 (3d Cir.2001). In reviewing whether a jury verdict is based on sufficient evidence, we apply a particularly deferential standard of review. *United States v. Soto,* 539 F.3d 191, 193–94 (3d Cir.2008). "[I]t is not for us to weigh the

evidence or to determine the credibility of witnesses." *Id.* at 194 (quoting *United States v. Dent,* 149 F.3d 180, 188 (3d Cir.1998)). Rather, we "view the evidence in the light most favorable to the government, and will sustain the verdict if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.*

4. Flack withdrew his objection to the introduction of his prior drug conviction and failed to object when Smith testified about prior dealings with Flack. He did object when Jackson testified about the same.